Clifford J. Ramundo
299 Forest Avenue
Paramus, New Jersey 07652
Tel: (201)599-0412
Fax: (201) 599-9766
Email: cjr@cramundo

Bernstein Cherney LLP
767 Third Avenue, 30th Floor
New Yok, N.Y. 10017
Tel: (212) 381-9684
Fax: (646) 304-9535
Email: hbernstein@bernsteincherney.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____X

TAMARA WAREKA,

       Plaintiff,

          Civil Action No. 2:21-cv-06227-SRC-CLW

    -against-

DIMITRY RABKIN; ADVANCED
AESTHETICS CONSULTANTS, P.C.
dba ESTHETICA MD and DOES 3 through
10 inclusive

        Defendants
_____X

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO ADD THIRD-PART DEFENDANTS**

Defendants Dr. Dimitry Rabkin ("Dr. Rabkin") and Advanced Aesthetics Consultants, P.C. dba Esthetica MD ("Esthetica") submits this Memorandum in Support of their Motion (i) for an Order pursuant to Federal Rule of Civil Procedure 14, for permission to serve a Third-Party Complaint upon LoveJuliet LLC, BuzzUp Digital, Bergenmama.com and Jennifer Law (collectively, the "Third-Party Defendants"), on the grounds that said parties are or may be liable to Defendants for all or part of the claim against them; and (ii) for extension of the deadline for completion of fact discovery for 120 days following service of the Third-Party Complaint.

## PRELIMINARY STATEMENT

Defendants, who have been charged with copyright infringement by Plaintiff  Tamara Wareka ("Wareka"). These claims relate to certain photographs that purportedly were published on Esthetica's Instagram and Facebook social media sites (the "Esthetica Social Media Sites"). Each of those sites was managed and operated by the Third-Party Defendants, who were responsible for obtaining, licensing (where appropriate) and publishing images on the Esthetica Social Media Sites. In the event it should be determined that Defendants bear any liability for copyright infringement, Defendants are entitled to complete indemnification and contribution from these Third-Party Defendants

## STATEMENT OF THE CASE

Plaintiff's Amended Complaint (the "Complaint"), alleges that Wareka is a highly successful freelance photographer who owns the copyrights to three photographs, identified as Alexandra 1 and Nadin 1 and 2. (Complaint¶¶ 11,13). The Complaint charges that Defendants violated those copyrights by publishing the Nadin 1 and Alexandra photographs on Instagram and by publishing both of  the Nadin photographs on  Facebook (Complaint¶¶ 19, 20, 22, 34-38).

Defendant Esthetica is a cosmetic medicine and aesthetic practice that also functions as a facial spa.  Dr. Rabkin is a principal of Esthetica and a practicing physician.  In early 2015, Dr.

Rabkin was introduced to Jennifer Law ("Law"), an individual who claimed to have expertise in managing and operating social media and who operated one or more entities for that purpose. Upon information and belief, those entities include LoveJuliet LLC ("LJLLC"), BuzzUp Digital and Bergenmama.com, each of which was owned and controlled by Law at all relevant times. Based upon Law's representations, in March 2015, Esthetica LJLLC to provide digital consulting services through LJLLC's subsidiary, BuzzUp Digital (the "LJLLC Agreement"). Pursuant to the LJLLC Agreement, LJLLC was to provide certain enumerated digital and social media services (the "Services"), including, among other things, building audiences for Esthetica on Facebook, Instagram, and Twitter; posting to Facebook and Instagram daily; rotating pictures and posts; and providing photographic services. A copy of the LJLLC Agreement between Esthetica and LJLLC is annexed to the accompanying Declaration of Dimitry Rabkin (the "Rabkin Declaration")  as Exhibit "A."

In consideration for the Services, Esthetica agreed to pay LJLLC a $2,000.00 monthly fee, commencing on March 1, 2018.

Following execution of the Agreement,  the Third-Party Defendants operated and managed the Esthetica Social Media Sites. As part of that process, the Third-Party Defendants, selected, acquired, and posted  all content on the Esthetica Social Media Sites, including all photographs and other images obtained from third parties. (Rabkin Declaration ¶¶5-6).

The Nadia and Alexandra photographs which are the subject of this litigation each were obtained and posted on the Esthetica Social Media Sites by the Third-Party Defendants, without the prior knowledge or consent of Defendants. (Rabkin Declaration ¶6).  In the event, by obtaining and posting those photographs, the Third-Party Defendants infringed upon any copyright, they were grossly negligent in doing so. As a result, if Defendants are deemed responsible for any

3

amounts claimed by Plaintiff in this litigation, Defendants are entitled to indemnification and contribution from the Third-Party Defendants in such amount.

## ARGUMENT

**DEFENDANTS SHOULD BE GRANTED LEAVE
TO FILE THE THIRD-PARTY COMPLAINT**

Federal Rule of Civil Procedure 14(a) provides, in pertinent part, that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P 14(a)(1). A third-party claim may be asserted when the third-party's liability is in some way dependent on the outcome of the main claim or when the third-party is secondarily liable to the defendant. *Krassen v. Havana, Inc*., 2014 WL 6609117, at *2 (D.N.J. Nov. 20, 2014).

"Joinder of third-party defendants under Rule 14 is not automatic; rather the decision to permit joinder rests with the sound discretion of the trial court." *Spencer v. Cannon Equip. Co*., No. 07-2437 (JBS), 2009 U.S. Dist. LEXIS 55370, at *6 (D.N.J. June 29, 2009). "The purpose of Rule 14(a) is to avoid circuity of action and multiplicity of litigation." Id. at *6. See also, *Gonzalez v. New Jersey*, No. 14-cv-7932 (KM) (MAH), 2019 U.S. Dist. LEXIS 10689, at *10 (D.N.J. Jan. 23, 2019). In exercising that discretion, courts consider four factors: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for the complication of issues at trial; and (4) prejudice to the original plaintiff." *BRG Harrison Lofts Urban Renewal LLC v. GE Co.,* No. 2:16-CV-06577, 2020 U.S. Dist. LEXIS 152796, at *8-9 (D.N.J. Aug. 21, 2020), citing *Erkins v. Case Power & Equip. Co.*, 164 F.R.D. 31, 32 (D.N.J. 1995). Here, Defendants' motion satisfies each of these factors.

      a.      <u>Timeliness of the Motion</u>

Defendants have filed this motion within the time designated by the Court. On June 14, 2021, the Court filed a Pre-Trial Scheduling Order (ECF Number 18) requiring parties to file any motions to add third parties by August 13, 2021.  On September 7, 2021, the Court amended that Order, on the consent of all parties, extending the deadline for filing third-party complaints and amending pleadings until September 30, 2021. This motion has been filed prior to that designated date.

      b.      <u>The Probability Of Trial Delay</u>

The addition of the Third-Party Defendants will not delay trial of this action.  Although initial discovery has commenced, Plaintiffs have not yet responded to Defendants' requests for disclosure and no depositions have been conducted. Extension of the fact discovery deadline for 120 days following service of the Third-Party Complaint will permit both parties to obtain critical and relevant documents and deposition testimony from those third parties, that would only serve to narrow issues, expedite trial, and increase the possibility for resolution of this litigation. Because the Third-Party Defendants played a central role in the activities that form the foundation for Plaintiff's Complaint, their inclusion in this proceeding will expedite discovery rather than delay trial.

      c.      <u>The Potential for Complication of Issues at Trial</u>

For these same reasons, joinder of the Third-Party Defendants will not complicate issues at trial. To the contrary, the presence of those parties will streamline issues and enable the finder of fact to conduct a thorough examination of Plaintiff's claims, Defendants' defenses and the circumstances surrounding obtaining and publishing the photographs at issue.

      d.      <u>Prejudice to the Original Plaintiff</u>

Rather than prejudice the Plaintiff, joinder of the Third-Party Defendants would provide Plaintiff with relevant information relating to the publication of the photographs, and, once the Third-Party Complaint is filed, Plaintiff may "assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civil P. 14 (a) (3).

Accordingly, the Court should exercise its discretion, permit Defendants to file and serve the Third-Party Complaint, and extend the deadline for fact discovery in order to all parties to seek and obtain disclosure from the Third-Party Defendants.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that their motion to file the Third-Party Complaint be granted.

Dated: September 29, 2021

_____
Clifford J. Ramundo, Esq.
299 Forest Avenue
Paramus, New Jersey 07652
Tel: (201)599-0412
Fax: (201) 599-9766
Email: cjr@cramundo.com

BERNSTEIN CHERNEY LLP

By: /s/ Hartley T. Bernstein____
Hartley T. Bernstein Esq.
767 Third Avenue, 30th Floor
New York, N.Y. 10017
(212) 381-9684
hbernstein@bernsteincherney.com
*Attorneys for Defendants*