Clifford J. Ramundo
299 Forest Avenue
Paramus, New Jersey 07652
Tel: (201)599-0412
Fax: (201) 599-9766
Email: cjr@cramundo

Bernstein Cherney LLP
767 Third Avenue, 30th Floor
New Yok, N.Y. 10017
Tel: (212) 381-9684
Fax: (646) 304-9535
Email: hbernstein@bernsteincherney.com

Attorneys for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____x

TAMARA WAREKA,

              Plaintiff,

                              Civil Action No. 2:21-cv-06227-SRC-CLW

     -against-

                              **THIRD-PARTY COMPLAINT**

DIMITRY RABKIN; ADVANCED
AESTHETICS CONSULTANTS, P.C.
dba ESTHETICA MD and DOES 3 through
10 inclusive

              Defendants
_____x

      Defendants-Third Party Plaintiffs ("Third-Party Plaintiffs") Dimitry Rabkin and

Advanced Aesthetics Consultants, P.C. dba Esthetica MD  by and through their undersigned

attorneys, as and for their Third-Party Complaint herein, allege as follows:

1. Third-Party Plaintiff Advanced Aesthetics Consultants, P.C. dba Esthetica MD ("Esthetica") is a corporation maintaining an office at 12 East Palisade Ave Suite C Englewood, New Jersey.

2. Third-Party Plaintiff Dimitry Rabkin is a principal of Esthetica.

3. Upon information and belief, Third-Party Defendant LoveJuliet LLC ("LJLLC") is a limited liability company formed and existing pursuant to the laws of the State of New Jersey and maintaining its principal place of business at 1 Closter Commons #156 Closter, New Jersey.

4. Upon information and belief, Third-Party Defendant Buzzup Digital ("Buzzup"), is an unincorporated business and maintaining its principal place of business at 1 Closter Commons #156 Closter, New Jersey.

5. Upon information and belief, Third-Party Defendant Bergenmama.com ("Bergen Mama") is a website maintaining its principal place of business at 1 Closter Commons #156 Closter, New Jersey.

6. Upon information and belief Buzzup is an affiliate or subsidiary of LJLLC.

7. Upon information and belief, Bergen Mama is an affiliate or subsidiary of LJLLC.

8. Upon information and belief, Third-Party Defendant Jennifer Law ("Law") is the sole or controlling principal of LJLLC.

9. Upon information and belief, Third-Party Defendant Law is the sole or controlling principal of Buzzup.

10. Upon information and belief, Third-Party Defendant Law is the sole or controlling principal of Bergen Mama.

11 Plaintiff Tamara Wareka ("Wareka") has filed an Amended Complaint (the "Amended Complaint") alleging that Third-Party Plaintiffs infringed Wareka's copyrights in three

photographs, identified as the "Nadin 1 Photograph" and "Nadin 2 Photograph" and the Alexandria Photograph.

12. Specifically, Wareka alleges that Third-Party Plaintiffs infringed upon her copyrights by publishing the Nadin Photograph 1 and the Alexandria Photograph on an Instagram page identified as https://www.instagram.com/estheticamd and by publishing the Nadin Photograph 1 and Nadin Photograph 2 on a Facebook page identified as https://www.facebook.com/EstheticaMD. (the Nadin Photograph 1, Nadin Photograph 2 and Alexandria Photographs are referred to herein as the "Subject Photographs").

13. On or about March 5, 2018, Esthetica entered into an agreement with LJLCC (the "LJLLC Agreement") pursuant to which, LJLLC agreed to provide digital consulting services (the "Digital Consulting Services") to Esthetica. (A copy of the LJLLC Agreement is attached hereto as Exhibit "A").

14. Pursuant to the LJLLC Agreement, the Digital Consulting Services included, building audiences for Esthetica on Facebook and Instagram (the "Esthetica Social Media Sites"); posting to Esthetica's Social Media Sites daily; and maintaining a fresh look for Esthetica's Facebook wall by "rotating pictures and posts."

15. Pursuant to the LJLLC Agreement, Esthetica agreed to pay LJLLC a monthly fee of $2,000.00.

16. Following execution of the LJLLC Agreement, Law and LJLLC provided the Digital Consulting Services.

17. Following execution of the LJLLC Agreement, Law and LJLLC controlled and managed the Esthetica Social Media Sites.

18. Following execution of the LJLLC Agreement, Law and LJLLC selected and posted information and images on the Esthetica Social Media Sites.

19. In providing the Digital Consulting Services, Law and LJLLC utilized LJLLC's affiliates, BuzzUp and Bergen Mama to identify and obtain information and photographs to be posted on the Esthetica Social Media Sites.

20. In the course of providing the Digital Consulting Services, Law, on behalf of LJLLC, BuzzUp and Bergen Mama (together, the LJLLC Entities") assured Third-Party Plaintiffs that the LJLLC Entities had obtained, and would continue to obtain, all rights and licenses for the use and publication of information and images on the Esthetica social media sites, including Facebook and Instagram.

21. During the time the LJLLC Entities provided the Digital Consulting Services, the LJLLC Entities selected and posted the Subject Photographs on the Esthetica Social Media Sites.

22. Third-Party Defendants did not advise Third-Party Plaintiffs in advance of their intention to post the Subject Photographs on the Esthetica Social Media Sites.

23. Third-Party Defendants have not, at any time, informed Third-Party Plaintiffs of how and from where the Subject Photographs were obtained.

24. Any publication by Law and/or the LJLLC Entities of the Subject Photographs on the Esthetica Social Media Sites in violation of the copyrights for those photographs was grossly negligent.

## AS AND FOR A FIRST CAUSE OF ACTION

25. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

26. If the Plaintiff should recover against either Third-Party Plaintiff for the allegations

set forth in the Amended Complaint, said damages will have been caused and brought about by reason of the wrongful actions and gross negligence of Law and the LJLLC Entities.

27. The culpability of Third-Party Plaintiffs will only be secondary, if at all, and the culpable acts of Law and the LJLLC Entities will have been primary.

28. If Plaintiff should recover from either Third-Party Plaintiff herein, then said such Third-Party Plaintiff will have been injured and seeks as a Third-Party Plaintiff, indemnification for any and all amounts that said Third-Party Plaintiff may have to pay, or in the alternative contribution on a proportionate basis, towards any and all amounts said Third-Party Plaintiffs may have to pay.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Third-Party Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. The LJLLC Agreement represented a binding contract between LJLLC and Esthetica.

31. Under the LJLLC Agreement, LJLLC undertook and agreed to post to Esthetica's Social Media Sites daily.

32. In consideration for LJLLC's agreement to perform the services set forth in the LJLLC Contract, Esthetica agreed to pay LJLLC a fee of $2,000.00 per month.

33. Esthetica paid LJLLC all sums due and owing under the LJLLC Contract.

34. Implicit within LJLLC's agreement to post to Esthetica's Social Media Sites daily was an obligation of LJLLC to do so lawfully and in compliance with all prevailing laws and regulations.

35. To the extent that LJLLC and/or the LJCC Entities and/or Law posted copyrighted photographs on the Esthetica Social Media Sites without first obtaining permission or a license to do so from the owner of such copyrights or establishing that such publication did not constitute a copyright infringement, LJLLC and/ or the LJLLC Entities, and/or Law breached the LJLLC Contract and constituted gross negligence.

36. To the extent that LJLLC and/or the LJCC Entities and/or Law posted copyrighted photographs on the Esthetica Social Media Sites without first obtaining permission or a license to do so from the owner of such copyrights or establishing that such publication did not constitute a copyright infringement, LJLLC and/ or the LJLLC Entities, and/or Law breached the LJLLC Contract was grossly negligent.

37. Esthetica has suffered damages as a result of LJLL's breach of contract.

38. Esthetica's damages include, but are not limited to, attorney's fees incurred in defense of this proceeding, all sums paid to LJLLC pursuant to the LJLLC Agreement and any amount awarded to Plaintiff in this proceeding.

WHEREFORE, Defendant respectfully requests that the Court enter judgment:

(i) on the First Cause of Action, requiring Third-Party Defendants to directing Third-Party Defendants to indemnify Third-Party Plaintiffs for any and all amounts Third-Party Plaintiffs may have to pay, or in the alternative contribute on a proportionate basis, towards any and all amounts said Third-Party Plaintiffs may be required to pay.

(ii) on the Second Cause of Action, in an amount to be determined by the trier of fact, to include damages suffered by Third-Party Plaintiffs as a result of the breach of contract by Third-Party Defendants and all amounts Third-Party Plaintiffs may be required to pay to Plaintiff;

(iii) awarding Third-Party Defendants their reasonable costs and attorneys' fees; and

(iv) awarding Defendant such other and further relief as the Court deems just and proper.

Dated: September 30, 2021

 

_____
Clifford J. Ramundo
299 Forest Avenue
Paramus, New Jersey 07652
Tel: (201)599-0412
Fax: (201) 599-9766
Email: cjr@cramundo.com

BERNSTEIN CHERNEY LLP

By: /s/ Hartley T. Bernstein
Hartley T. Bernstein Esq.
767 Third Avenue, 30th Floor
New York, N.Y. 10017
(212) 381-9684
hbernstein@bernsteincherney.com

*Attorneys for Third-Party Plaintiffs*